TRULINCS 63953510 - SANNIKOV, STANISLAV - Unit: ALF-B-B

---

FROM: 63953510
TO:
SUBJECT: Response
DATE: 04/28/2026 11:06:50 AM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
Eastern Division

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 1:26-cv-00550
Honorable Joan H. Lefkow

STANISLAV SANNIKOV,
Defendant.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR A JUDICAIL FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE
and
DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

Comes now the Defendant, Stanislav Sannikov ("Mr. Sannikov"), acting in a pro se capacity and respectfully submits this as his Response to the Government's Motion for a Judicial Finding of Waiver of Attorney-Client Privilege and Defendant's Motion for the Appointment of Counsel based on the hearing on this matter being set for May 13, 2026 at 9:15 a.m. in courtroom 2201. To-wit:

I. Relevant Procedural History

Mr. Sannikov has pending before this Court a Motion to Vacate Conviction and Sentence alleging his counsel's performance was ineffective in that she failed to inform him before he entered his plea of the likelihood that he would be deported as a result of said guilty plea. This was not cured during the acceptance of plea hearing.

On April 14, 2026, the Government filed the Motion for a Judicial Finding of Waiver of Attorney-Client Privilege. The Court on April 16, 2026 entered a Minute Entry that Mr. Sannikov's response to the Government's motion was due by April 30, 2026. The Government's Reply to Defendant's Response was set for May 7, 2026.

II. Legal Discussion

Mr. Sannikov has reviewed the Government's Motion for a Judicial Finding of Waiver of Attorney-Client Privilege. Mr. Sannikov recognizes as a general principle the right of the Respondent to "adequately defend against the ineffective assistance of counsel claim." Knope v. United States, No. 2015 WL 2185990 *2 (E.D. Wis. May 11, 2015). Therefore, Mr. Sannikov has no objection save the following proviso: "The court should recognize a waiver no broader than necessary to

'26 MAY 5 AM9:25

---

ensure the fairness of the proceedings" and should authorize "disclosure of only those communications specific to the claim." Id. (citing Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2023).

The sole issue Mr. Sannikov has raised in his ineffective assistance of counsel claim is the issue of the advice he received regarding the immigration consequences of his guilty plea. Consequently, Mr. Sannikov asks that the attorney-client privilege be granted only to the extent necessary to reasonably address said issue.

Mr. Sannikov notes that any discussions with counsel regarding immigration occurred only after he had entered his guilty plea. The concern was only raised because of the presentencing report (PSR). Prior to the presentencing report no one had considered that Mr. Sannikov was not a U.S. citizen. This was largely due to his speaking English like a native English speaker resulting from the length of time he has resided in the U.S. (This would seem to further corroborate the obvious importance to Mr. Sannikov of the immigration consequences of his plea).

The Court, as noted above, has scheduled a hearing on the matter of the attorney-client privilege waiver for May 13, 2026. Mr. Sannikov is unrepresented before this Court. Therefore, it is axiomatic that he will not be in attendance at the hearing. In essences, this has the practical effect of resulting in an ex parte proceeding. Moreover the issue of deficient advise of counsel concerning the immigrant consequences of a guilty plea continues to evolve becoming far beyond the grasp of Mr. Sannikov to understand. E.g., United States v. Aguayo-Montes, ____ F. __ ____ (10th Cir. 2026)(Non-citizen was told only that deportation "may" happen when the real result was almost certain removal).

In light of the above scheduled hearing and the evolving state of the law surrounding the significance of Padilla v. Kentucky Mr. Sannikov asserts the the Court should appoint counsel for him in this matter sub judice. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993)(explaining that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis).

## CONCLUSION

Wherefore, Mr. Sannikov states he does not wish to withdraw his infective assistance of counsel petition (2255). Accordingly, Mr. Sannikov asks that any waiver of the attorney-client privilege be limited to the matter of specifically raised in his ineffective assistance of counsel petition, and that the Court appoint counsel to represent him in this case, and any other relief deemed just and proper by this Court.

---

FROM: 63953510
TO:
SUBJECT: part II
DATE: 04/28/2026 11:16:05 AM

This the 28th day of April, 2026.

Respectfully submitted,

Stanislav Sannikov
# 63953-510
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

CERTIFICATE OF SERVICE

I hereby certify under oath pursuant to 28 U.S.C. Section 1746 to depositing a true and correct copy of this pleading the prison mainly system with USPS First Class postage prepaid and properly addressed on this 28th day of April, 2026 to the Clerks' Office, U.S. District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604; and to Madeline S. Murphy, Assistant U.S. Attorney, 219 Dearborn Street, Chicago, Illinois 60604.

Stanislav Sannikov