MR

FILED
7/8/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

STANISLAV SANNIKOV,
Petitioner.

Case No. 26 CV 550
Judge Johan H. Lefkov

PETITIONER'S REPLY IN SUPPORT OF HIS MOTION UNDER 28 U.S.C. SECTION 2255

PRELIMINARY STATEMENT

Petitioner, Stanislav Sannikov ("Mr. Sannikov"), acting pro se submits this Reply in support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255. The Government concedes an evidentiary hearing is necessary to resolve Mr. Sannikov's claim that his attorney provided ineffective assistance of counsel by failing to advise him of the immigration consequences of his guilty plea. See Padilla v. United States, 559 U.S. 356, 365 (2010) ("Deportation is a particularly severe penalty.")(internal quotes omitted). He respectfully contends an evidentiary hearing is equally necessary to resolve his remaining claims. His claims involve disputed factual issues concerning counsel's performance and the resulting prejudice to Mr. Sannikov that cannot be resolved on the existing record alone.

The Government does not dispute the legal standard. An attorney's unreasonable failure to identify and bring to the court's attention an error in the Guidelines calculations that results in a longer sentence may constitute constitutionally deficient performance. United States v. Jones, 635 F.3d 909, 916 (7th Cir. 2011); Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015). The Government disputes only whether that standard is met here. That dispute is not resolvable without a haring.

ARGUMENT

I. AN EVIDENTIARY HEARING IS WARRANTED ON ALL OF MR. SANNIKOV'S CLAIMS

Section 2255 requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Section 2255(b). Where the petitioner's allegations raise factual question that cannot be answered by the existing record, a hearing is required. The Government itself acknowledges that a hearing is

necessary on at least one of Mr. Sannikov's claims. The same logic compels a hearing on the remaining claims, each of which raises factual disputes going to counsel's performance and the accuracy of information used at sentencing.

II. MR. SANNIKOV'S CLAIM REGARDING THE SUBSTANTIAL FINANCIAL HARDSHIP ENHANCEMENT WARRANTS A HEARING.

The Government contends that Mr. Sannikov's challenge to the two-level enhancement under USSG Section 2B1.1(b)(2)(A)(ii) lacks merit because Mr. Sannikov never challenged the factual basis for that enhancement and because the PSR's findings are uncontested. Mr. Sannikov respectfully disagrees. His claim is not that the PSR is facially incorrect, but that his counsel's failure to investigate the underlying facts and bring a challenge to the Court constituted ineffective assistance of counsel. This is precisely the type of claim that requires a hearing.

The Government's own authorities establish that a lawyer's failure to identify and challenge a sentencing error that results in a longer sentence can constitute deficient performance. Jones, 635 F.3d at 916; Ramirez, 799 F.3d at 855. The question here whether, had Mr. Sannikov's counsel conducted a reasonable investigation -- including, as Mr. Sannikov has alleged, the use of subpoenas or other discovery to obtain financial records bearing on Vladimir Melamed's actual circumstances -- counsel would have had grounds to contest the enhancement.

The Government relies on the probation officer's finding that Melamed "postponed his retirement, sold a residence at a loss, and purchased a less expensive home to pay back loans taken out by the defendant in the victim's name." R. 41 at paragraph 43. But, the accuracy of those findings -- and whether the evidence supporting them would have withstood adversarial scrutiny -- is precisely what Mr. Sannikov contends his counsel failed to test. Counsel's failure to investigate before accepting the PSR's characterization, where the stakes included a two-level increase in the offense level, reasonably satisfy the deficiency prong of Strickland v Washington, 466 U.S. 668 (1984), if that investigation would have produced evidence supporting a viable challenge.

The Government argues that Mr. Sannikov's not developing his arguments with citations to evidence constitutes waiver. Argyropoulos v. City of Alton, 539 F.3d 724, 739 (7th Cir. 2008) Mahaffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009). The Government also warns that new arguments raised for the first time in this reply will be stricken. Porco v. Trustees of Ind. Univ., 453 F.3d 390, 395 (7th Cir. 2006). Mr. Sannikov acknowledges these constraints. However, the waiver doctrine does not apply where the relevant evidence is not in his possession and where the very failing he alleges is his counsel's failure to develop the record. The purpose of an evidentiary hearing in this context is to allow development of evidence that was not made part of the record at sentencing because of counsel's alleged deficiencies. Holding Mr. Sannikov to the underdeveloped record as a basis for denial would, in effect, ratify the very ineffectiveness he alleges.

The Government also correct notes that the standard for the enhancement is "substantial financial hardship" and not

"financial devastation." Mr. Sannikov does not dispute the legal standard. His claim is that the factual predicate for applying that standard to Melamed's circumstances was not adequately tested by counsel, and that is a reasonable investigation would have provided the Court with a more complete picture of Melamed's financial situation. Whether the more complete picture would have altered the Guideline's calculation is a question of fact that cannot be resolved without a hearing.

III. MR. SANNIKOV'S CLAIM REGARDING THE LOSS AMOUNT RAISES FACTUAL ISSUES THAT REQUIRE A HEARING

The Government argues that Mr. Sannikov is bound by his admission to the loss amount of $3,021,481 under oath during the plea colloquy and in the plea declaration, and this constitutes a "formidable barrier" to any subsequent collateral challenge. Mr. Sannikov does not dispute that sworn admissions at a plea hearing are entitled to great weight. However, Mr. Sannikov asserts that he has overcome this formidable barrier as he has shown herein that his counsel's ineffective advice resulted in his entering into an uninformed plea. Ineffective assistance of counsel in connection with plea proceedings can provide a basis for collateral relief notwithstanding sworn statements made at the plea hearing.

Mr. Sannikov's claim is not merely that the loss figure was wrong, but that his attorney failed to conduct the investigation -- including obtaining records through subpoenas or other means -- that would have allowed Mr. Sannikov to make an informed decision about whether to admit the loss amount or to contest it. If a competent investigation would have revealed that the loss figure was not supported by the evidence, then counsel's failure to conduct that investigation, and to advise Mr. Sannikov accordingly, would satisfy both prongs of Strickland: deficient performance in failing to investigate, and prejudice in that Mr. Sannikov admitted a loss amount he more than likely would not have admitted had he been properly counseled.

The Government is correct that Mr. Sannikov has not yet provided specific evidence identifying the precise inaccuracy in the loss figure. That evidence -- to the extent it exists -- is what an evidentiary hearing would allow him to develop. Where the petitioner alleges that his attorney failed to investigate and that a reasonable investigation would have revealed a viable challenge, the absence of fully developed evidence in the initial motion is not a sufficient basis to deny a hearing. Mr. Sannikov acknowledges that he bears the burden of demonstrating what a reasonable investigation would have produced. Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003). He requires a hearing for the opportunity to satisfy that burden.

IV. MR. SANNIKOV ACKNOWLEDGES THAT THE RESTITUTION CLAIM IS NOT INDEPENDENTLY COGNIZABLE UNDER SECTION 2255.

Sannikov acknowledges that the Government's argument that a challenge to the restitution order is not cognizable under 28 U.S.C. Section 2255 because such a challenge does not relate to the legality of custody. Barnickel v. United States, 113

F.3d 704, 706 (7th Cir. 1997); United States v. Bania, 787 F.3d 1166, 1172 (7th Cir. 2015). Mr. Sannikov does not press a freestanding claim for correction of the restitution amount through this petition. However, to the extent that counsel's failure to investigate the underlying financial records contributed to an uninformed admission at the plea proceeding that affected both the Guidelines loss calculation and the restitution fine, those issues remain intertwined with the cognizable ineffective claims. The hearing Mr. Sannikov requests will focus on the cognizable claims, and he does not ask the Court to disturb the restitution order as a standalone remedy.

V. THE COURT SHOULD EXPAND THE EVIDENTIARY HEARING TO ADDRESS ALL COGNIZABLE CLAIMS.

The Government agrees that a hearing is required on this immigration consequences claim. Judicial economy and the interest of justice support resolving all of Mr. Sannikov's cognizable claims at a single evidentiary hearing rather than bifurcating the proceedings. Each of these claims at issue -- the immigration consequences advice, the Melamed enhancement, and the loss amount investigation -- arises from the same claims of allegedly deficient conduct by trial counsel. The witnesses and evidence relevant to each claim will substantially overlap. Conducting a single comprehensive hearing avoids duplicative proceeds and promotes the efficient resolution of this petition.

Under Strickland, Mr. Sannikov bears the burden of demonstrating both that his counsel's performance feel below an objective standard of reasonableness and that there is a reasonable probability that, but for that deficient performance, the outcome of the proceedings would have been different. Strickland, 466 U.S.. at 687-88. He is prepared to meet that burden at an evidentiary hearing. The record as it currently stands does not conclusively refute his allegations, and accordingly, a hearing is warranted under 28 U.S.C. Section 2255(b).

CONCLUSION

For the foregoing reasons, Petitioner Stanislav Sannikov respectfully asks that this Court schedule an evidentiary to address all cognizable claims raised in his Section 2255 petition [1], including his claim regarding the immigration consequences of his plea, his claim regarding trial counsel's failure to challenge the substantial financial hardship enhancement as applied to Vladimir Melamed, and his claim regarding counsel's failure to investigate the accuracy of the loss amount admitted during the plea colloquy and used at sentencing. Moreover, Mr. Sannikov asks that this Court order appointment of CJA counsel to represent him at an evidentiary hearing. [2]

Respectfully submitted,

Stanislav Sannikov
Inmate No.: 63953-510
Low Security Correctional Institution-Allenwood
P.O. Box 1000
White Deer, PA 17887

---

1 Mr. Sannikov respectfully asks the Court, if acceptable to the Court and the Government, that he be able to attend any evidentiary hearing by videoconferencing. He suggests that this would be reasonable in the interests of judicial economy and resources and considering the lengthy and protracted process of prisoner transfers.

2 Mr. Sannikov that he an indigent prisoner with no legal training is a fact that supports the appointment of counsel for an evidentiary hearing. Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997). Moreover, the counsel at issue in this Petition was a member of the Office of Public Defender and thus in the appearance of avoiding conflict of interests he asks that any appointed counsel be from the CJA panel.

Certificate of Service

I hereby certify to mailing a true and correct copy of this Reply to the following parties by USPS First Class postage prepaid mail and properly addressed under oath pursuant to 28 U.S.C. Section 1746 on this 25 day of June, 2026: Madeline Murphy, Asst. U.S. Atty, 219 S. Dearborn Street, Chicago, Illinois 60604 and to the Clerk of Court, United States District Court, 219 S. Dearborn Street, Chicago, Illinois, 60604.

Stanislav Sannikov

Stanislav Sannikov #63953-510
FCC Allenwood LSC2
P.O. Box 1000
White Deer PA 17887

CERTIFIED MAIL
9589 0710 5270 3765 9726 40

RECEIVED
JUL 08 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

USA 1 DOLLAR

Retail
UNITED STATES POSTAL SERVICE
60604
RDC 99

⇔63953-510⇔
Clerkcourt Us District Court
219 S Dearborn ST
Chicago, IL 60604
United States

07/08/2026-3

LEGAL MAIL

U.S. POSTAGE PAID
FCM LG ENV
WHITE DEER, PA 17887
JUN 29, 2026

**$0.00**

R2305K138953-06