IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26 CV 550 |
| | ) | Judge Joan H. Lefkow |
| STANISLAV SANNIKOV, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION FOR DISCOVERY

Now comes the UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and moves, pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, for leave to conduct limited discovery in this matter. In support of its motion, the government states as follows:

1. On January 15, 2026, Sannikov filed a motion to vacate his conviction and sentence, alleging, as pertinent to this motion, that his counsel performed ineffectively in failing to inform him of the likelihood that he would be deported as a result of his guilty plea. CVR 1.

2. In preparation for filing the government's response to the petition, government counsel contacted Sannikov's counsel regarding the allegations in the petition. Sannikov's counsel would not discuss the matter with government counsel, citing attorney client privilege.

3. On April 14, 2026, government counsel moved this Court for a judicial finding that, in filing a § 2255 petition alleging that his counsel failed to inform him of the immigration consequences of his guilty plea, that Sannikov has waived his attorney-client privilege with respect to communications with trial counsel regarding the immigration consequences of pleading guilty. CVR 7.

4. On May 6, 2026, Sannikov filed a *pro se* response to the government's motion, indicating that he did not object to the government's motion to the extent necessary to address the issue of the advice that Sannikov received regarding the immigration consequences of his plea. CVR 10.

5. On May 12, 2026, this Court granted the government's motion as to communications with trial counsel regarding the likelihood of deportation as a consequence of Sannikov's guilty plea. CVR 12. The Court subsequently appointed counsel for Sannikov regarding his ineffective assistance of counsel claim that his attorney failed to advise him of the immigration consequences of his guilty plea. CVR 14, 15.

6. Following the Court's ruling on the government's motion for a judicial finding regarding the attorney client privilege, Sannikov's initial counsel has declined to speak to the government regarding Sannikov's allegations, in favor of waiting to hear Sannikov waive the attorney client privilege in open court regarding this issue.

7. Government counsel and Sannikov's recently appointed counsel will appear before this Court on September 2, 2026 and will seek a status date in which Sannikov will appear by video and will be requested by the parties to waive, on the record, the attorney client privilege regarding this issue. The parties have requested that Sannikov's initial counsel be present to hear Sannikov's waiver.

8. In preparation for an eventual hearing on the issue of whether Sannikov's initial counsel advised him of the immigration consequences of his plea, government counsel seeks limited discovery from both Sannikov and his initial counsel regarding any communications between Sannikov and his initial counsel, including but not limited to emails, texts, correspondence or any recordings, regarding the immigration consequences of entering his guilty plea.

9. Rule 6 of the Rules Governing Section 2255 Proceedings provides that the court may authorize discovery in a § 2255 proceeding "for good cause." Pursuant to Rule 6(b), a party requesting discovery must provide reasons for the request and must specify any requested documents. "The burden of demonstrating the materiality of information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 422, 460 (6th Cir. 2001).

10. The requested materials are directly relevant to Sannikov's allegation that his counsel failed to advise him of the immigration

consequences of his guilty plea and are material to the primary issue before the Court. Since Sannikov has been incarcerated for several months, the government anticipates that he no longer has access to any documents or stored electronic communications, such as emails, texts or saved phone messages, that are relevant to the inquiry. For this reason, the government is seeking discovery of these materials from Sannikov's initial counsel, as well as from Sannikov himself.

WHEREFORE, the government respectfully requests that this Court grant its motion and permit the government to request discovery from both Sannikov and his counsel regarding any communications between Sannikov and his initial counsel, including but not limited to emails, texts, correspondence or any recordings, regarding the immigration consequences of entering his guilty plea.

Respectfully Submitted,

ANDREW S. BOUTROS
United States Attorney

By: *<u>/s/ Madeleine S. Murphy</u>*
MADELEINE S. MURPHY
Assistant U.S. Attorney
219 S. Dearborn, 5th Floor
Chicago, IL 60604
(312) 886-2070

Dated: September 1, 2026

CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the aforenamed document was served pursuant to the district court's ECF system as to ECF filers on September 1, 2026.

By: *<u>/s/ Madeleine S. Murphy</u>*

MADELEINE S. MURPHY
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
312) 886 2070