UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>STANISLAV SANNIKOV | No. 1:26 CV 550<br>Hon. Joan H. Lefkow |

**PETITIONER STANISLAV SANNIKOV'S MOTION FOR LIMITED DISCOVERY PURSUANT TO RULE 6 OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS**

Petitioner Stanislav Sannikov, by his attorney, Keri A. Ambrosio, respectfully moves the Court, pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, for leave to conduct limited discovery concerning the ineffective-assistance claim on which an evidentiary hearing is necessary. In support, Petitioner states as follows:

1. Petitioner filed a pro se motion under 28 U.S.C. § 2255 alleging, among other things, that his trial counsel rendered ineffective assistance by failing adequately to advise him of the immigration consequences of his guilty plea. [R.1]

2. In its response to the § 2255 motion, the government agreed that a factual dispute exists concerning the immigration advice provided by trial counsel and stated that an evidentiary hearing is necessary because that issue cannot be resolved solely from the existing pleadings and record. [R.12]

3. The government thereafter moved under Rule 6 for limited discovery from Petitioner and his former trial counsel concerning communications about the immigration

consequences of Petitioner's guilty plea, including emails, text messages, correspondence, and recordings. [R.18]

4. The Court previously found waiver of the attorney-client privilege as to communications with trial counsel concerning the likelihood of deportation as a consequence of the guilty plea. [R.11]. Former trial counsel nevertheless has indicated that she wishes to hear Petitioner personally waive the privilege in open court before discussing the matter. Petitioner is expected to make that express, limited waiver on the record on September 16, 2026.

5. Petitioner does not seek a general waiver of the attorney-client privilege or wholesale production of former counsel's file. The requested discovery is limited to information reasonably related to the immigration-advice claim placed at issue by the § 2255 petition.

6. Rule 6(a) provides that, for good cause, the Court may authorize discovery under the Federal Rules of Civil Procedure and may limit its extent. Rule 6(b) requires a party seeking discovery to state the reasons for the request and to specify the requested documents.

7. Good cause exists here. A habeas petitioner establishes good cause when specific allegations provide reason to believe that, if the facts are fully developed, the petitioner may be able to demonstrate entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). The Seventh Circuit likewise requires a colorable constitutional claim and good cause. See *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004).

8. That standard is satisfied. The government itself has acknowledged that a factual dispute exists concerning what immigration advice trial counsel gave Petitioner and that an evidentiary hearing is necessary to resolve it. The government has also represented that the same categories of communications sought here are material to the principal factual issue before the Court.

9. Limited reciprocal discovery is necessary so that appointed counsel may adequately investigate the claim, evaluate the contemporaneous evidence, prepare Petitioner's testimony, and meaningfully examine former trial counsel at the evidentiary hearing. Permitting one party access to the relevant communications and records while denying the other access to the same materials would impair orderly and fair preparation for the hearing.

10. Petitioner therefore requests leave to obtain from former trial counsel, the following documents, to the extent they exist and are within her possession, custody, or control:

A. All communications between Petitioner and trial counsel concerning Petitioner's citizenship or immigration status, deportation, removal, inadmissibility, denial of citizenship, or other immigration consequences of conviction or of entering a guilty plea, including emails, text messages, letters, correspondence, and recordings;

B. All notes, memoranda, file notes, calendar entries, or other records memorializing oral communications between trial counsel and Petitioner concerning immigration consequences of the charged offense, conviction, or guilty plea;

C. All communications with any immigration attorney or other person consulted by trial counsel concerning the immigration consequences of Petitioner's case or proposed guilty plea, subject to any privilege or protection belonging to a person other than Petitioner;

D. All research, memoranda, notes, or other materials created or maintained by trial counsel that reflect investigation or consideration of the immigration consequences of Petitioner's conviction or guilty plea;

E. All communications or records reflecting whether immigration consequences were considered in plea negotiations, including any effort to obtain a different charge, plea structure, factual stipulation, or other disposition because of potential immigration consequences; and

F. All documents reflecting when and how trial counsel learned that Petitioner was not a United States citizen or otherwise learned facts bearing on his immigration status.

11. Petitioner further requests that any documents produced by former trial counsel to the government pursuant to the government's Rule 6 request be produced simultaneously to Petitioner's appointed counsel, and that any documents Petitioner produces pursuant to authorized discovery likewise be provided to the government.

12. To preserve the limited nature of the privilege waiver, Petitioner requests that the Court expressly provide that discovery and disclosure are confined to communications and materials reasonably necessary to adjudicate the immigration-advice ineffective-

assistance claim and do not constitute a general waiver as to unrelated attorney-client communications or attorney work product.

13. Petitioner proposes that the authorized production occur within fourteen (14) days of the Court's order, or within such other period as the Court deems appropriate, sufficiently in advance of the evidentiary hearing to permit both sides to review the materials and prepare.

14. Counsel attaches a proposed order for the Court's consideration.

WHEREFORE, Petitioner Stanislav Sannikov respectfully requests that this Court enter an order granting limited discovery pursuant to Rule 6, authorizing the document production specified above, requiring reciprocal and simultaneous disclosure of responsive materials, limiting the waiver and discovery to the immigration-advice ineffective-assistance claim, and granting such other relief as the Court deems appropriate.

Respectfully submitted:

s/ *Keri Ann Ambrosio*

Keri A. Ambrosio,Esq.
53 W. Jackson Boulevard, Ste. 920
Chicago, IL 60604
(312) 961-3261
keri@ambrosiolegal.com
Counsel for Mr. Sannikov

**PROPOSED ORDER**

Petitioner Stanislav Sannikov's Motion for Limited Discovery Pursuant to Rule 6 is granted. Former trial counsel shall, within fourteen (14) days, produce to counsel for Petitioner and counsel for the United States the materials described in Paragraph 10(A)–(F) of Petitioner's motion, to the extent such materials exist and are within her possession, custody, or control.

Any materials obtained by either party from former trial counsel pursuant to the Government's or Petitioner's Rule 6 discovery shall be provided simultaneously to opposing counsel.

The attorney-client privilege waiver and discovery authorized by this Order are limited to communications and materials reasonably necessary to adjudicate Petitioner's claim that trial counsel rendered ineffective assistance concerning advice about the immigration consequences of his guilty plea. Nothing in this Order constitutes a general waiver of attorney-client privilege or work-product protection as to unrelated matters.

SO ORDERED.

______________________________

Hon. Joan H. Lefkow
United States District Judge
Dated: ________________________